JUSTICE KOONTZ, dissenting.
I respectfully dissent. I have long labored under the impression that there could be no dispute that “to withdraw” a legal pleading, such as a petition for a writ of habeas corpus, essentially meant to remove or eliminate the pleading from consideration by a court; the pleading becomes a nullity. Today, however, the majority in this appeal concludes that a “voluntarily withdrawn” 1993 petition nevertheless constitutes a “first petition” that causes a 1999 petition to become a “second petition” for purposes of the prohibition against “successive” habeas petitions under Code § 8.01-654(B)(2). In my *606 view, the majority breathes new life into that which has been nullified, and by an unwarranted narrow application of this statute defeats a merits adjudication of Micah Laval Dorsey’s 1999 claims.
Although Code § 8.01-654 makes no reference to, or provision for, a habeas petition being voluntarily withdrawn by a prisoner, we granted Dorsey’s motion to withdraw his 1993 petition which raised a claim that he was being denied the proper amount of “goodtime credits” relevant to a determination of his discretionary parole eligibility date. We ordered that this petition be considered “withdrawn.” No adjudication of the merits of that petition was made. Thus, the majority now properly holds that because the 1993 petition was withdrawn, Dorsey “was entitled to file another petition” in 1999. Yet, the majority further holds that the language in subsection (B)(2) that “[n]o writ shall be granted on the basis of any allegations of facts of which petitioner had knowledge at the time of filing any previous petition” defeats consideration of the merits of the allegations in the petition Dorsey is permitted to file. This is so, the majority reasons, because Dorsey is bound to have had knowledge of the facts regarding his detention that are alleged in his 1999 petition at the time of filing the 1993 petition.
I can find nothing in the statutory language of Code § 8.01-654, and specifically subsection (B)(2), that even suggests a legislative intent that supports the reasoning of the majority. Rather, Code § 8.01-654 surely contemplates that a timely habeas petition filed by a prisoner receive a merits adjudication. Treating claims that are obviated without an adjudication on the merits as a bar to hearing all other claims on the merits is inconsistent with this legislative intent. Moreover, the prohibition against the so-called “successive” petitions is clearly intended to bring finality to judgments of criminal convictions or sentences and to prevent a prisoner from creating undue delay in the process of collateral review of those judgments. That purpose is not hindered by declining to treat a voluntarily withdrawn habeas petition as a first or prior petition for purposes of concluding that the present petition is a second or successive petition.
Finally, although the federal habeas scheme is different from that expressed in Code § 8.01-654(B)(2), it bears noting that apparently under the federal rule regarding the prohibition against successive habeas petitions a different result would be mandated in the present case. See Slack v. McDaniel, 529 U.S. 473, 487 (2000) (prior habeas petition unadjudicated on the merits is not a prior petition triggering the bar on subsequent or successive petitions for habeas relief).
*607 For these reasons, I would hold that Code § 8.01-654(B)(2) has no application to Dorsey’s 1999 habeas petition because his 1993 petition was voluntarily withdrawn without a merits adjudication and, thus, the 1999 petition was not a second or successive petition contemplated by that statute. Accordingly, I would further consider the merits of the allegations in Dorsey’s 1999 petition.